Gerald W. McPEEK; Theresa
A. McPeek, Petitioners,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent.

Nos. 10–1393, 10–1394.

United States Court of Appeals,
Eighth Circuit.

Submitted: Nov. 19, 2010.

Filed: Dec. 2, 2010.

Gerald W. McPeek, St. Peters, MO, pro
se.

Theresa A. McPeek, St. Peters, MO, pro
se.

Laurie Snyder, John A. Dicicco, U.S.
Department of Justice, William Wilkins,
Internal Revenue Service, Washington,
DC, for Respondent.

Before WOLLMAN, MELLOY, and
GRUENDER, Circuit Judges.

PER CURIAM.

In these consolidated appeals, Gerald
and Theresa McPeek challenge the tax
court's [1] adverse grants of summary judgment in their actions seeking redeterminations of their liabilities. Upon careful de
novo review, *see Nestle Purina Petcare Co.
v. Comm'r*, 594 F.3d 968, 970 (8th Cir.
2010), *cert. denied*, ── U.S. ──, 131
S.Ct. 86, 178 L.Ed.2d 241 (2010), we conclude that summary judgment was properly granted, *see Bell v. Comm'r*, 126 T.C.
356, 358, 2006 WL 1391385 (2006) (26
U.S.C. § 6330 allows challenges to existence or amount of underlying liability if
petitioner did not receive notice of deficiency or otherwise have opportunity to
dispute liability; this statutory preclusion
is triggered by opportunity to contest underlying liability, even if opportunity is not
pursued).

We further conclude that the tax court
did not abuse its discretion in denying the
McPeeks' motions under Tax Court Rule
162 to vacate the summary judgment decisions, because they provided no evidence
of unusual circumstances or substantial error. *See Intermountain Ins. Serv. of Vail,
Ltd. Liability Co. v. Comm'r*, 134 T.C. No.
11, 2010 WL 1838297 at *3 (2010) (decision
to grant motions to reconsider and to vacate lies within discretion of court; mo-

---

1. The Honorable Maurice B. Foley, United    States Tax Court Judge.

tions to vacate are generally not granted absent showing of unusual circumstances or substantial error, e.g., mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or other reason justifying relief; comparing Rule 162 with Fed.R.Civ.P. 60(b)).

Accordingly, the judgments are affirmed. *See* 8th Cir. R. 47B.